**1**

R. D. JOHNSON v. STATE.   (No. 10398.) (Court of Criminal Appeals of Texas. Nov. 17, 1926.)   Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.   S. M. Adams, of Nacogdoches, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J.   Appeal is from a conviction for burglary. Punishment is two years in the penitentiary. No bills of exception are found in the record. The evidence supports the judgment, which is ordered affirmed.

---

**2**

John KING v. STATE.   (No. 10574.)   (Court of Criminal Appeals of Texas.   Oct. 13, 1926.) Appeal from District Court, Upshur County; J. R. Warren, Judge.   C. E. Florence, of Gilmer, for appellant.   Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J.   The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years. Although having entered a plea of guilty, appellant now brings his case before this court upon a record, without bills of exceptions or statement of facts. With such a record before us, there is nothing presented for review. The judgment is affirmed.

---

**3**

Cleo J. LANIER v. STATE.   (No. 10498.) (Court of Criminal Appeals of Texas.   Oct. 13, 1926.)   Appeal from Criminal District Court, Dallas County; Felix D. Robertson, Judge. Henry Tirey, of Dallas, for appellant.   Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J.   Conviction is for burglary; punishment being assessed at imprisonment in the penitentiary for two years. The record is before this court without statement of facts or bill of exception. In such condition, nothing is presented for review. The judgment is affirmed.

---

**4**

Pedro LEAL v. STATE.   (No. 10384.) (Court of Criminal Appeals of Texas. Nov. 10, 1926.) Appeal from District Court, El Paso County; W. D. Howe, Judge.   W. Joe Bryan, of El Paso, for appellant.   Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J.   Conviction in district court of El Paso county of assault to murder; punishment, four years in the penitentiary. The record is before us without any statement of facts or bills of exception. The indictment is in correct form, and the charge of the court properly submits the law of the case. Finding no error in the record, the judgment will be affirmed.

---

**5**

C. A. LINDLEY v. STATE.   (No. 10119.) (Court of Criminal Appeals of Texas. June 23, 1926. Rehearing Denied Oct. 27, 1926.)   Commissioner's Decision.   Appeal from District Court, Hunt County; J. M. Melson, Judge. Ramey & Davidson, of Sulphur Springs, for appellant.   Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J.   The offense is unlawfully transporting intoxicating liquor and the punishment is one year in the penitentiary. The notice of appeal was given on the 12th day of November, 1925, and the statement of facts and bills of exceptions were not filed in the trial court until February 21, 1926, or more than 90 days thereafter. We have repeatedly held that a statement of facts and bills of exceptions, filed more than 90 days after the notice of appeal is given, cannot be considered by this court. In this ruling we are following the plain terms of the statutes. Section 5, art. 760, 1925 Revision C. C. P. In the absence of a statement of facts and bills of exceptions, there is no error manifest by this record, and the judgment is in all things affirmed.

PER CURIAM.   The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J.   Appellant insists that the charge on circumstantial evidence was fundamentally erroneous, and demands a reversal, even in the absence of the facts proven. We confess our inability to discover anything wrong with the charge in question, or to find any substantial difference between that given by the court and the one requested by appellant. The charge given is almost an exact copy of the one set out in Branch's Criminal Laws of Texas, § 204, and approved in Baldez v. State, 37 Tex. Cr. R. 413, 35 S. W. 664; Boggs v. State, 38 Tex. Cr. R. 83, 41 S. W. 642; Trevino v. State, 38 Tex. Cr. R. 66, 41 S. W. 608; Blount v. State (Tex. Cr. App.) 64 S. W. 1050; Reeseman v. State, 59 Tex. Cr. R. 430, 128 S. W. 1126; Mosely v. State, 59 Tex. Cr. R. 90, 127 S. W. 178. The motion for rehearing is overruled.

---

**6**